# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY MALVEAU** | : | **DOCKET NO. 05-0050** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

Mary Malveau initially filed an application for social security disability benefits on August 6, 1996. (*See*, Report and Recommendation, *Malveau v. SSA*, Civil Action Number 00-1805 (W.D. La. 04/26/01)). She alleged disability since that time due to a seizure disorder. *Id*. The claim was denied by an Administrative Law Judge ("ALJ") on June 9, 1998. *Id*. Malveau sought further review before this court. *Id*. However, on May 31, 2001, judgment was rendered in favor of the Commissioner. (*See*, Judgment, *Malveau v. SSA*, Civil Action Number 00-1805 (W.D. La. 05/31/01)).

Meanwhile, on June 12, 2000, Malveau filed the current application for Supplemental Security Income payments. (Tr. 21, 32-34). She again alleged disability since August 9, 1996, due to severe seizure disorder. (Tr. 32, 41). The application was denied at the agency level of the administrative process. (Tr. 24-28). Thereafter, Malveau requested and received a December 13, 2001, hearing before an ALJ. (Tr. 134-157). However, in a February 21, 2002, written decision, the ALJ determined that Malveau was not disabled under the Act, finding at Step Five of the sequential evaluation process that she could make an adjustment to work which exists in significant numbers in the national economy. (Tr. 12-18). Malveau appealed the unfavorable decision to the Appeals Council. Yet, on October 7, 2004, the Appeals Council denied Malveau's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On January 12, 2005, Malveau sought review before this court. She contends that the Commissioner erred:

(1) by relying on Rule 204.00 to deny benefits; and

(2) by failing to obtain vocational expert testimony.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached

by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **LAW AND ANALYSIS**

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the

3

claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Issues 1-2:

The ALJ found at Step Two of the sequential evaluation process that Malveau suffered from severe impairments of seizure disorder, borderline intellectual functioning, history of drug abuse, and history of depression. (Tr. 14, 17). However, the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. *Id*.

The ALJ next determined that Malveau retained the residual functional capacity for work at all exertional levels, reduced by an inability to work around dangerous moving machinery or at unprotected heights, and the need to avoid stressful environments. (Tr. 15, 17).

The ALJ concluded at Step Four of the sequential evaluation process that Malveau was unable to return to her past relevant work as a nurse's aide because of her inability to work in stressful environments. (Tr. 15-17). Accordingly, the ALJ proceeded to Step Five. At this step, the ALJ determined that plaintiff was a younger individual, with a high school education and no transferable skills. *Id*.[1] Using the medical-vocational guidelines as a framework, the ALJ concluded that Malveau was not disabled pursuant to Rule 204.00. (Tr. 16-17).

Plaintiff contends that use of Grid Rule 204.00 is implausible because if she could perform at all physical and skill demands, then she could have performed past relevant work. (Pl. Brief, pg. 5). We agree that if plaintiff had no exertional *and* no significant non-exertional

---

[1] Malveau was 38 years old at the time of the hearing. (Tr. 138).

4

limitations, then she quite clearly would be capable of past relevant work. However, the ALJ found that Malveau experienced non-exertional limitations that prohibited her from working around dangerous moving machinery or at unprotected heights, and from exposure to stressful environments. These limitations are what precluded Malveau from returning to past relevant work. (*See*, Tr. 15-16).

Plaintiff next contends that because she suffers from non-exertional limitations, the ALJ should have consulted a vocational expert at Step Five of the sequential process. This argument is well-taken. The ALJ may rely exclusively on the guidelines only when the claimant suffers from exertional impairments or when her non-exertional impairments do not significantly affect her residual functional capacity. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987)(citations omitted). As noted by the ALJ, a claimant with a seizure disorder who is restricted only from working at unprotected elevations and near dangerous moving machinery does not have a limitation that significantly affects work that exists at all exertional levels. (SSR- 85-15).

The ALJ likewise concluded that the inability to work in a stressful environment does not significantly erode the occupational base for work at all exertional levels. However, neither the ALJ, nor the Commissioner, provided support for this conclusion. Rather, binding authority unmistakably provides that vocational expert testimony is *required* for claimants who are limited to low stress work. *See, Fields v. Bowen* 805 F.2d 1168, 1170 (5th Cir. 1986).[2] In the absence of

---

[2] We further note that the limitation on stressful work appears to stem from the consultative examiner's (Jerry Whiteman) Medical Assessment of Ability to do Work-Related Activities (Mental). (Tr. 122-123). Yet, despite acknowledging that Whiteman also opined that Malveau had poor or no ability to demonstrate reliability, the ALJ, without discussion, omitted this limitation from his residual functional capacity determination. Moreover, Whiteman also found that all other mental activities were seriously limited, but not precluded. (Tr. 122-123).

the requisite vocational expert testimony, the ALJ's determination is not supported by substantial evidence, and remand is required. *Id.*

For the foregoing reasons,

It is RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE